# Illinois Official Reports

## Appellate Court

*In re Marriage of Juiris*, 2018 IL App (1st) 170545

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF WILLIAM STEVEN JUIRIS, Petitioner-Appellee, and HEIDI LYNN JUIRIS, Respondent-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-17-0545 |
| Filed | January 22, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-D-10549; the Hon. David E. Haracz, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Hurst, Robin & Kay, LLC, of Chicago (Olga A. Allen and Brian J. Hurst, of counsel), for appellant.<br><br>Pedersen & Houpt, P.C., of Chicago (Lawrence W. Byrne and Marc D. Janser, of counsel), for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Presiding Justice Pierce and Justice Simon concurred in the judgment and opinion. |

# OPINION

¶ 1        In September 2016, the trial court entered a judgment dissolving the marriage of William S. Juiris and Heidi L. Juiris. In its judgment, the court made several factual findings, ordered maintenance be paid to petitioner, ordered petitioner to pay child support, and divided the marital assets and debts.

¶ 2        In the judgment, the court determined that petitioner earned approximately $49,000, while respondent earned approximately $105,000. After reviewing the statutory guidelines, the court determined petitioner was entitled to permanent maintenance retroactive to November 2013. The court determined respondent was self-supporting and did not require maintenance. The court set petitioner's future child support obligation, but denied respondent's request for temporary back child support. The trial court found that respondent had dissipated approximately $9000 in marital assets by improperly removing petitioner from health insurance coverage. The court rejected all other claims of dissipation and divided the marital estate equitably. Each party was made responsible for the debt in their name and their own attorney fees. After the parties filed their respective motions to reconsider, the court determined respondent's income to be $117,700 and ordered petitioner's maintenance recalculated based on this figure.

¶ 3        Respondent challenges three aspects of the judgment on appeal. She argues that the trial court erred when (1) it denied her request for retroactive child support, (2) it awarded petitioner retroactive maintenance, and (3) it found her Mercedes had $20,000 in equity.

¶ 4        For the reasons stated more fully below, we affirm the judgment for dissolution of marriage in all respects.

¶ 5                                    JURISDICTION

¶ 6        The trial court entered its judgment for dissolution of marriage on September 7, 2016. Respondent filed a motion to reconsider on October 4, 2016, while petitioner filed his motion to reconsider on October 5, 2016. After briefing from the parties, the trial court entered an order resolving all the issues presented in each motion to reconsider on January 24, 2017. On February 21, 2017, respondent filed her notice of appeal. Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6 of the Illinois Constitution, and Illinois Supreme Court Rules 301 and 303. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. Jan. 1, 2015).

¶ 7                                    BACKGROUND

¶ 8        The parties do not challenge several aspects of the divorce judgment, so we recite only those facts necessary for the disposition of the issues raised in this appeal. The petitioner, William S. Juiris, and respondent, Heidi L. Juiris, were married on August 18, 1990. During the marriage, two children were born, JJ (born 1996) and MJ (born 2003). JJ obtained the age of majority during the prejudgment litigation.

¶ 9        Petitioner filed for divorce on November 27, 2013. The parties then proceeded with three years of litigation. The parties did not separate at that time and continued to reside in the marital residence with their children until the start of trial in October 2015. During the interim, petitioner filed two motions of intent to claim dissipation of marital assets, which

respondent denied. Petitioner filed a motion for temporary support on November 27, 2013, seeking temporary maintenance, statutory child support, and attorney fees. Respondent filed her own motion for temporary relief on October 3, 2014, seeking temporary child support. For reasons not stated in the record, both motions for temporary support were entered and continued until trial. Trial commenced on October 26, 2015, with additional hearings taking place on November 12, 2015, March 8 through March 10, 2016, June 10, 2016, and June 15, 2016. Petitioner and respondent both testified, as did two home appraisers and petitioner's sister. Because of the issues raised, only the parties' testimony is relevant to the disposition of this appeal.

¶ 10      After hearing from the above individuals, the trial court entered its judgment for dissolution of marriage on September 7, 2016. In entering its judgment, the court made several factual findings that guided its decisionmaking. The court found respondent to not be a credible witness. It further determined that the record also contained several examples of respondent's "demeaning and unsupportive conduct, including the financial manipulation of the husband." The facts established that, after the dissolution proceeding was initiated, respondent refused to communicate with petitioner regarding their children, despite residing in the same home. The court cited examples including, but not limited to, respondent's failure to inform petitioner of the date of parent-teacher conferences, her failure to discuss the length of MJ's summer camp stay, and her refusal to discuss the divorce proceedings in a reasonable manner. Petitioner was found to have always attempted to stay involved with the minors and to have made attempts to include respondent in parenting decisions.

¶ 11      While acknowledging that both parties worked full time during the marriage, the court concluded that respondent was the primary wage earner during the majority of the marriage. Petitioner's income was found to be approximately $49,000. Given his age and education, it was not likely to increase in the future. Respondent's gross income was determined to be $105,000, with $100,000 coming from her current employer and an annual gift of $5000 from her parents. The court rejected petitioner's claim that the rental income from respondent's Fargo condominium should be included in her gross income. The court also rejected petitioner's dissipation claims except a claim related to respondent's removal of petitioner from the family insurance plan. The court ordered respondent to pay $9010, the total amount it cost petitioner to obtain health insurance from the date of his removal until the entry of the judgment.

¶ 12      The court then discussed petitioner's claim for temporary and permanent maintenance. After noting the relevant guidelines, the court determined petitioner was entitled to permanent maintenance retroactive to November 2013. Respondent was ordered to pay petitioner $1050 per month with the retroactive portion totaling $35,700. The court denied respondent's request for maintenance. Respondent was given residential custody of MJ but the parties were to equally share parenting decisions. Petitioner owed a duty of child support, and based on an approximate net income of $43,120, his payments were set at $718.66 per month. The court concluded that respondent's Mercedes was marital property and had $20,000 in equity. Respondent was directed to pay petitioner $10,000 as his share of the

Mercedes. Finally, the court ordered that the parties were responsible for their own attorney fees and the debts in their name.[1]

¶ 13 Each party brought a motion to reconsider. Petitioner argued that the court erred (1) in finding the rental income from the Fargo condominium was not marital property, (2) concluding respondent's use of certain credit cards were for reasonable living expenses, (3) denying his request for attorney fees, (4) dividing the marital estate, and (5) not considering the best interest of MJ when setting the holiday visitation schedule. In respondent's motion to reconsider, she argued that the court erred in (1) awarding retroactive maintenance, (2) denying retroactive child support, (3) finding dissipation related to the medical insurance coverage, (4) valuing both parties' cars, and (5) not considering the best interest of MJ when setting the holiday visitation schedule.

¶ 14 The court heard argument on both motions on January 24, 2017. As to petitioner's motion, the court granted count I and imputed an additional $12,700 to respondent's gross income (for a new total of $117,700). The court ordered petitioner's maintenance recalculated based on this figure.[2] The court denied the dissipation claim related to the credit cards and again denied petitioner's request for attorney fees. The court allowed a revision to the holiday schedule and concluded that the son's ATV and snowmobile that had been included in the marital estate would be excluded as the son's property. Respondent's motion was denied in total.

¶ 15 Respondent filed this appeal and argues that the trial court erred when it (1) denied her request for retroactive child support, (2) awarded petitioner retroactive maintenance, and (3) found her car had $20,000 in equity.

¶ 16                                                    ANALYSIS

¶ 17 In her first issue, respondent argues that the trial court erred in denying her request for temporary child support.[3] On October 3, 2014, respondent filed a motion seeking temporary child support from petitioner. While acknowledging that both respondent and petitioner continued to reside in the marital residence together, the motion alleged that respondent paid all household and child expenses. Respondent further claimed that petitioner did not contribute anything to either the household or the children's expenses. Respondent attached her Cook County Circuit Court Rule 13.3.1(b) disclosure to her motion, which showed she spent $4032.93 on household expenses and $1400 on the children's expenses. The trial court did not discuss respondent's motion in the judgment of dissolution, and it made no award of temporary back child support in respondent's favor.

¶ 18 The decision to award retroactive child support rests within the sound discretion of the trial court. *In re Marriage of Sawicki*, 346 Ill. App. 3d 1107, 1119 (2004). In support of her argument that the court abused its discretion, respondent relies on the fact that the court made no mention of this claim in the judgment of dissolution and on the following court comment

---

[1]The court also addressed several issues related to MJ, but we omit those portions because neither party challenges those aspects of the judgment.

[2]The new maintenance figure is not a part of the record.

[3]Respondent does not challenge the award of permanent future child support that petitioner is required to pay.

- 4 -

at the motion to reconsider hearing. At the hearing, the court stated, "I understand that there may be a couple of things here that the appellate court may not agree with me on."

¶ 19    Initially, we reject respondent's attempt to utilize the comment made by the court as a means to show it abused its discretion. On appeal, the relevant inquiry is not whether the appellate court would have come to a different conclusion; it is whether "no reasonable person would take the view adopted by the court." *In re Marriage of Toole*, 273 Ill. App. 3d 607, 618 (1995). Moreover, a review of the transcript demonstrates that the trial court's statement was not directed at any specific aspect of the judgment of dissolution. In its next comment, the court stated, "I tried to make it as equitable a decision as possible. And I know you both have some problems with that."

¶ 20    Setting aside the comment made by the court, we find no abuse of discretion in not awarding respondent temporary child support. In support of her motion, respondent attached her Rule 13.3.1 disclosure statement. At trial, the disclosure statement was greatly discredited. The court heard that despite listing a mortgage payment of $2847.93 as part of household expenses, respondent had stopped paying it in May 2013. Respondent testified this money was spent on the children, but provided no receipts or other documentation to substantiate the claimed expenses. The court heard further testimony that respondent liquidated $113,000 from the parties' retirement plans without petitioner's knowledge. Respondent testified that this went toward household and child expenses. Despite finding that respondent forged petitioner's signature in order to liquidate the funds, the court concluded respondent was honest about spending them on the children and their use did not constitute dissipation.

¶ 21    Since half the money liquidated was petitioner's ($56,500), the trial court could readily conclude this represented his temporary support obligation. 750 ILCS 5/503(b)(2) (West 2016) (pension benefits tied to contributions made during the marriage are marital property). Under the guidelines in place during this proceeding, section 505 would have required petitioner to pay 28% of his net income based on having two children. 750 ILCS 5/505(a)(1) (West 2016). The court found petitioner had a net income of $43,120, which would translate into $12,073 per year in child support. Therefore, if the court had ordered petitioner to pay the guideline amount, he would have owed approximately $36,220 in back child support. Because respondent converted $56,500 of petitioner's marital estate to household and child expenses, respondent actually received more in child support than she would have been awarded had the court followed the guidelines. Based on the above facts, the trial court did not abuse its discretion in denying respondent's request for temporary child support.

¶ 22    In the next issue, respondent claims the trial court erred in awarding petitioner temporary maintenance in the amount of $35,700. Respondent argues that the pair cohabitated together for two of the three years of the divorce proceeding, and therefore the trial court should only have awarded maintenance for the last year when petitioner resided with his mother. Respondent argues that pursuant to section 510(c) (750 ILCS 5/510(c) (West 2016)), their cohabitation barred the trial court's award of maintenance during the two years of cohabitation.

¶ 23    Normally, an award of maintenance is within the discretion of the trial court, and it will not be disturbed on review absent an abuse of that discretion. *In re Marriage of Schneider*, 214 Ill. 2d 152, 173 (2005). However, respondent is raising a question of statutory

construction, which we review *de novo. In re Marriage of Lubbs*, 313 Ill. App. 3d 968, 969 (2000).

Based on the language contained in section 510(c), respondent's claim that petitioner should not have received temporary maintenance during the cohabitation period is rejected. Section 510(c) states in relevant part:

"Unless otherwise agreed by the parties in a written agreement set forth in the judgment or otherwise approved by the court, the obligation to pay *future* maintenance is terminated upon the death of either party, or the remarriage of the party receiving maintenance, or if the party receiving maintenance *cohabits with another person on a resident, continuing conjugal basis*. A payor's obligation to pay maintenance or unallocated maintenance terminates by operation of law on the date the recipient remarries or the date the court finds cohabitation began." (Emphases added.) 750 ILCS 5/510(c) (West 2016).

A reading of the statute shows that the cohabitation provision does not apply to respondent's situation. The section deals with terminating future maintenance, not temporary-past maintenance, when "the party receiving maintenance cohabits with another person on a resident, continuing conjugal basis." 750 ILCS 5/510(c) (West 2016). Respondent cites to neither a case nor a different part of the statute to demonstrate that "another person" includes the current, yet to be divorced, spouse. Moreover, respondent cites to nothing in the record showing they were engaging in conjugal activities during this time. Respondent's claim based on section 510(c) finds no support in the text of the statute and is rejected.

Respondent also argues that there were certain tax implications the trial court failed to consider. A review of the record demonstrates that respondent never raised any tax issue before the trial court in relation to the temporary maintenance award. It is well settled that "[i]ssues not raised in the trial court are waived and cannot be argued for the first time on appeal." *In re Marriage of Minear*, 181 Ill. 2d 552, 564 (1998). At no point during the underlying proceedings did respondent raise the issue of possible tax consequences, and she has therefore waived review of this argument.

Even if not waived, we find respondent's argument to be without merit. She argues that, under 26 U.S.C. § 215(a) (2012), her payment of maintenance is tax deductible, but 26 U.S.C. § 71(b)(1)(C) (2012) requires that the payee spouse and the payor spouse not be members of the same household when the payment was made. Petitioner counters that respondent has not yet made the payment, and since the parties no longer live together, that section will not be implicated. We agree with petitioner that since the parties are no longer in the same household and respondent has yet to make a payment, section 71(b)(1)(c) will not be implicated.

Finally, respondent claims that the differential ruling on retroactive maintenance and child support was the trial court's way of punishing her for certain conduct during the course of the proceedings. We find nothing in the record to support such a claim. While the trial court repudiated respondent for several actions taken during these proceedings, there is no evidence in the record that would demonstrate the court punitively penalized her for such actions by denying her temporary child support. We reject respondent's assertion the trial court's denial of temporary child support was punitive in nature.

In her last issue, respondent argues that the trial court erred in valuing her Mercedes. At trial on June 15, 2016, respondent testified that the Mercedes had about 87,000 miles on it

and a value of $20,000-$23,000. She presented no evidence to support either claim concerning the mileage or value. While the record indicates she did try to submit some website printouts, the trial court rejected their admission as hearsay. She did submit evidence showing an approximately $19,000 outstanding lien on it. On cross-examination, respondent admitted that at her deposition on November 4, 2014, she claimed it was worth $40,000. Petitioner testified that he believed it was worth $30,000 but presented no evidence to support this claim.

¶ 29    In divorce proceedings, it is the obligation of the parties to present to the court evidence to support their claim as to the value of marital property. *In re Marriage of Courtright*, 155 Ill. App. 3d 55, 59 (1987). A court's determination as to the value to be given a piece of marital property will not be disturbed unless it is against the manifest weight of the evidence. *In re Marriage of Grunsten*, 304 Ill. App. 3d 12, 17 (1999).

¶ 30    Given the evidence and testimony heard by the trial court, its valuation of the Mercedes was not against the manifest weight of the evidence. Respondent presented no evidence regarding the Mercedes value except for her own unsubstantiated opinion. Before this court, respondent argues automobiles depreciate so it is expected the value changed between November 2014 and June 2016. While this court is familiar with the concept of depreciation, respondent presented no evidence concerning how her Mercedes depreciated over that time period. Depreciation is not a universally applied concept because numerous and distinct factors may go into calculating an automobile's depreciation rate. The trial court did not have to accept respondent's contention, offered without evidence, that her car was worth only $20,000 to $23,000.

¶ 31    In support of her argument, respondent cites to *In re Marriage of Berberet*, 2012 IL App (4th) 110749. In that case, the appellate court found that the trial court did not abuse its discretion when it valued the husband's car at $33,875, despite having been purchased only eight months earlier for $43,855. *Id.* ¶¶ 66-68. The appellate court noted that the husband offered into evidence, without objection, the present Kelly Blue Book value of his car in "good condition." *Id.* ¶ 68. The wife did not present any evidence to dispute the husband's evidence. *Id.* Unlike the husband in *Berberet*, respondent placed no evidence into the record substantiating her valuation. *Id.* Also unlike *Berberet*, respondent did not present any evidence showing the purchase price. *Id.* ¶ 66. Thus, *Berberet* does not provide any support to respondent.

¶ 32    Given respondent's credibility issues and the lack of evidence she provided, the trial court could reasonably conclude that the valuation given at respondent's deposition represented the most accurate assessment. Therefore, the trial court's determination as to the value to give to respondent's Mercedes was not against the manifest weight of the evidence.

¶ 33    In conclusion, petitioner makes a claim for attorney fees for defending this appeal. We decline petitioner's request to award him attorney fees in the defense of this appeal; however, petitioner is free to bring an attorney fee motion pursuant to section 508(a)(3) (750 ILCS 5/508(a)(3) (West 2016)) in the trial court. Our denial of his request should not act as a bar to such a subsequent claim or a determination of its merits.

¶ 34                                CONCLUSION

¶ 35    For the reasons stated above, the judgment appealed from is affirmed.

¶ 36        Affirmed.